IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STEVEN C. HAYES, ADC # 657050,**                                      PLAINTIFF

    v.                No.: 4:21-CV-00347-LPR

**SOLOMON GRAVES,** IN HIS OFFICIAL CAPACITY AS
SECRETARY OF THE DEPARTMENT OF CORRECTIONS; AND
**DEXTER PAYNE,** IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF THE ARKANSAS DIVISION OF CORRECTION                         DEFENDANTS

\*    \*    \*

**ANTHONY LAMAR, ADC # 120479,**                                        PLAINTIFF

    v.                No.: 4:21-cv-00529-LPR

**ASA HUTCHINSON,** ET AL.                                              DEFENDANTS

\*    \*    \*

**WINSTON HOLLOWAY, ADC # 67507**                                       PLAINTIFF

    v.                No.: 4:21-cv-00495-LPR

**ARKANSAS GENERAL ASSEMBLY,** ET AL.                                   DEFENDANTS

## PETITION FOR ATTORNEY'S FEES AND COSTS

Plaintiffs, Steven C. Hayes, Anthony Lamar, and Winston Holloway (collectively "Plaintiffs") by and through their counsel pursuant to 28 U.S.C. § 1920, 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and E.D. Ark. L.R. 54.1, move the court to award their attorney's fees and costs and, in support, state:

1. Plaintiff Hayes brought this action to challenge the constitutionality of Act 1110 on various constitutional and statutory grounds. The Court appointed John E. Tull III of the Quattlebaum, Grooms & Tull law firm to represent Hayes.

2. This Court consolidated the numerous cases brought by inmates of the Arkansas

1

State Prison System and designated the claims and challenges brought by Hayes, Lamar and Holloway as "appropriate and representative test cases" for the purpose of efficiently moving through the injunctive phases and, later, for purposes of the summary judgment state. (Doc. # 254). The Court also appointed John E. Tull III to represent Mr. Lamar and Mr. Holloway as the cases proceeded. (Doc. # 253).

3. On September 3, 2021, the Court entered a preliminary injunction after finding that Plaintiffs were likely to succeed in proving that diverting inmates' stimulus funds to an inmate welfare fund and the Division of Correction Inmate Care and Custody Fund Account violates the Takings Clause of the Fifth Amendment and the procedural component of the Due Process Clause of the Fourteenth Amendment. (Doc. # 79).

4. On March 16, 2022, the Court entered a permanent injunction (Doc. # 422) ordering Defendants to return any confiscated federal relief or stimulus funds currently held in the sequestered account that are not being used to pay off a prisoner's court fines, fees, costs, or restitution. The injunction provides Defendants 90 days to return the funds to the prisoner or former prisoners from whom such funds were confiscated. Plaintiffs are the "prevailing party" in this matter.

5. Pursuant to 42 U.S.C. § 1988(b), this Court may award a prevailing party reasonable attorney's fee as part of the costs of this action.

6. Because Plaintiffs are prisoners, any fee award is limited by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(d). The requested attorney's fees are in compliance with the PLRA.

7. The PLRA does not prohibit the application of an enhancement or multiplier. *See Skinner v. Uphoff,* 324 F. Supp. 2d 1278 (D. Wyom. 2004).

8. The requested attorney's fees are reasonable under the lodestar approach. *See*

*Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983).

  9.  Accordingly, Plaintiffs seek a minimum recovery of the total of attorney's fees in the aggregate amount of $71,574.05, representing his attorney's fees as follows:

    a.  John E. Tull III, $10,084.05

    b.  E.B. Chiles IV, $279.00

    c.  Christoph Keller, $13,299.00

    d.  Noah P. Watson, $28,952.00

    e.  E. Jonathan Mader, $9,504.00

    f.  Laura L. O'Hara, $3,300.00

    g.  Law Clerks, $6,435.00

  10.  Plaintiffs have submitted a bill of costs in connection with this matter in the amount of $1,124.30. To the extent that the costs requested in the bill of costs are not awarded by the Clerk of this Court, Plaintiffs request this Court tax those costs. 28 U.S.C. § 1920 (2018); 42 U.S.C. § 1988(b) (2018); Fed. R. Civ. P. 54(d).

  11.  This motion is supported by the following, which are attached and incorporated by this reference:

    a.  Affidavit of John E. Tull III, Exhibit 1

    b.  Professional Biography of John E. Tull, III, Exhibit 2

    c.  Professional Biography of E.B. Chiles IV, Exhibit 3

    d.  Professional Biography of Christoph Keller, Exhibit 4

    e.  Professional Biography of Noah P. Watson, Exhibit 5

    f.  Professional Biography of E. Jonathan Mader, Exhibit 6

    g.  Professional Biography of Laura L. O'Hara, Exhibit 7

    h.  Redacted Billing Summary, Exhibit 8

      i.      Hayes Itemized Costs, Exhibit 9

      j.      An accompanying brief, which is filed contemporaneously and incorporated by reference.

WHEREFORE, Plaintiffs request that this Court enter an order awarding their attorney's fees and costs incurred herein and for all other relief.

          Respectfully submitted,

          John E. Tull III (84150)
          Noah P. Watson (2020251)
          QUATTLEBAUM, GROOMS & TULL PLLC
          111 Center Street, Suite 1900
          Little Rock, Arkansas 72201
          Telephone:    (501) 379-1700
          Facsimile:     (501) 379-1701
          jtull@qgtlaw.com
          nwatson@qgtlaw.com

          *Attorneys for Plaintiffs*