IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STEVEN C. HAYES, ADC # 657050**  **PLAINTIFF**
**On behalf of himself and all others**
**similarly situated**

vs.                            NO. 4:21-CV-00347LPR

**SOLOMON GRAVES, in his official capacity**
**as Secretary of the Department of Corrections; and**
**DEXTER PAYNE, in his official capacity as**
**Director of the Arkansas Division of Correction.**   **DEFENDANTS**

**DEFENDANTS' RESPONSE TO PETITION FOR ATTORNEY'S FEES AND COSTS**

Come now, Defendants, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Vincent P. France, for their Response to Petition for Attorney's Fees and Costs, state the following:

**I.    INTRODUCTION**

Defendants present this response to provide the Court with a broader perspective of the issues concerning attorney's fees. Defendants do not dispute that John Tull and the other attorneys are entitled to attorney's fees; rather, the issue is simply how much. The uniqueness and complexity of the issues in this case are undeniable.

On May 13, 2021, this Court appointed John E. Tull, III and Thomas Christopher Keller to represent Steven Hayes, an inmate with the Arkansas Division of Correction. *See* Doc. No. 13. John Tull and Thomas Keller are attorneys at Quattlebaum, Grooms & Tull PLLC. This Court would eventually appoint John Tull and the attorneys at his law firm to represent two additional inmates, Anthony D. Lamar and Winston Holloway. *See* Doc. No. 253. True to form, the issues regarding attorney's fees are equally unique and complex, and include risk and uncertainties, because the petition for attorney's fees is governed by 42 U.S.C. § 1997e(d), in addition to 42

1

U.S.C. § 1988. Accordingly, Defendants believe that opposing counsel is entitled to reasonable attorney's fees.

## II. ARGUMENT

If attorney's fees in this case were only governed by §1988, then the determination of attorney's fees would be relatively straightforward. The Supreme Court has noted that "cases interpreting §1988 establish 'a strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee.'" *Murphy v. Smith*, 138 S.Ct. 784, 789 (2018) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Instead, attorney's fees in this case are governed by § 1997e(d), which is more complicated. To begin, §1997e(d)(1) allows for attorney's fees only when:

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 1 of this title; and

(B) (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

Additionally, the statute limits the hourly rate an attorney can charge. *See* §1997e(d)(3). Moreover, the Supreme Court found that the language used in § 1997e(d) is mandatory and not discretionary like the language used in §1988. *Murphy*, 138 S.Ct. at 789. Consequently, § 1997e(d) prevents a court from awarding discretionary multipliers to attorney's fees and it includes restraints on the award of attorney's fees that are not found under § 1988.

The crux of the complexity—especially for the case at hand—is § 1997e(d)(2). Regarding this section, the Eighth Circuit has "repeatedly construed this 'awkwardly worded' statute to cap awards of attorney fees in prisoner rights cases to 150% of the monetary damages awarded. When the plaintiff only receives nominal damages of $1.00, §1997e(d)(2) caps attorney fees at $1.50."

*Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010); *see also Royal v. Kautzky*, 375 F.3d 720, 725–26 (8th Cir. 2004).

To date, undersigned counsel has not discovered any case, in which attorney's fees were awarded under § 1997e(d) in a consolidated case like this one. Thus, risk and uncertainty exist for both sides regarding how this Court will determine the "monetary judgment" amount for the purposes of § 1997e(d)(2). For instance, this Court could consider the net amount recovered only for the three inmates that John Tull was appointed to represent as the "monetary judgment" amount, which is $277.93. Consequently, attorney's fees would be capped at $416.90. For comparison, if this Court considers the net amount recovered for all 40 inmates named in the consolidated case, then the "monetary judgment" amount would be $17,829.76. This would cap attorney's fees at $26,744.64. Granted, this Court could devise alternative methods of calculating the "monetary judgment" amount. Considering the vast range in the possible amount of attorney's fees and based upon the amount sought in the Petition for Attorney's Fees of $71,574.05 (Doc. No. 440), is not wholly unreasonable.

Essentially, Defendants would not be opposed to this Court using a lodestar calculation for determining attorney's fees in accordance with §1988. As noted above, the lodestar calculation is the reasonable hourly rate times the number of hours. *See Murphy*, 138 S.Ct. at 789. A reasonable hourly rate is the prevailing rate in the local community for similar work. *Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). In determining the number of hours, a court should exclude "hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 832 (cleaned up).

Defendants do not have any issues with the hourly rates used by John Tull and the other attorneys in this case. Regarding the number of hours, any work spent working on the case in the Arkansas Claims Commission should be excluded, because they were unnecessary. *See Miller v.*

3

*Dugan*, 764 F.3d at 831. According to the billing summary (Doc. No. 440-8), 28.6 hours were spent on the Claims Commission case, which equates to a value of $6,315.40 that should be deducted from the amount of attorney's fees. Accordingly, at a maximum, John Tull and the other attorneys should be awarded no more than $65,258.65 in attorney's fees.

Lastly, in Arkansas, certain costs and expenses associated with litigation are not recoverable, including postage and phone calls. *Shonting v. Connor*, 2020 Ark. App. 154, 8, 597 S.W.3d 129, 134. In the Petition for Attorney's Fees, $1,124.30 is sought in expenses. Doc. No. 440, p. 3. This amount should be reduced by the amount of postage $72.60 and for phone calls $95.00 as indicated by the records provided. *See* Doc. No. 440-1, p. 4. Accordingly, at a maximum, John Tull and the other attorneys are entitled to $956.70 in costs and expenses.

### III.   CONCLUSION

For the foregoing reasons, the Court should only award reasonable attorney's fees to appointed counsel, which does not include a multiplier of attorney's fees, which at most reasonable is $65,258.65 in attorney's fees and $956.70 for cost. Finally, where applicable, Defendants respectfully request that this Court grants them any and all just and proper relief to which they may be entitled.

        Respectfully submitted

        LESLIE RUTLEDGE
        Attorney General

By:   Vincent P. France
      Ark Bar No. 2010063
      Assistant Attorney General
      Arkansas Attorney General's Office
      323 Center Street, Suite 200
      Little Rock, AR 72201
      Phone:  (501) 682-1314
      Email:  vincent.france@arkansasag.gov
      *Attorneys for Defendants*