IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STEVEN C. HAYES                                                                    PLAINTIFF
ADC #657050

v.                                    Case No. 4:21-CV-00347-LPR

TIM GRIFFIN,[1] et al.                                                             DEFENDANTS

## ORDER

Plaintiff Steven C. Hayes was among the first Arkansas state prisoners to challenge Arkansas Act 1110 of 2021, a statute which authorized state prison officials to confiscate any state prisoner's federal COVID-19 stimulus funds.[2] Given the scope and complexity of the issues presented in this case and in many others like it, the Court appointed counsel (John E. Tull, III) to represent Mr. Hayes, then consolidated all of the state prisoner stimulus fund cases under this docket for joint administration.[3] The Court selected the instant case and two others[4] as representative test cases to adjudicate the merits of the various claims presented in the consolidated cases.[5] To achieve that end, that Court appointed Mr. Tull as counsel for the other two representative Plaintiffs as well.[6] With the help of counsel, the test-case Plaintiffs were ultimately

---

[1] Tim Griffin became the Arkansas Attorney General on January 10, 2023. The Clerk is directed to update the docket. Fed. R. Civ. P. 25(d).

[2] *See* Compl. (Doc. 1).

[3] Order Appointing Counsel (Doc. 13); Order Consolidating Cases (Doc. 36).

[4] *Lamar v. Sanders*, Case No. 4:21-CV-00529 [hereinafter *Lamar Docket*]; *Holloway v. Ark. Gen. Assembly*, Case No. 4:21-CV-00495 [hereinafter *Holloway Docket*].

[5] Order Consolidating Cases (Doc. 36).

[6] Order Appointing Counsel (Doc. 253). As the Court has previously acknowledged, Mr. Tull and his colleagues performed excellent work in their representation of the three Plaintiffs.

successful. On March 16, 2022, the Court entered a permanent injunction against the Defendants and closed all the consolidated cases.[7]

On March 30, 2022, Mr. Tull filed a Petition for Attorney's Fees and Costs pursuant to 42 U.S.C. § 1988(b).[8] Defendants filed a Response on April 13, 2022.[9] For procedural reasons that do not merit repetition here, the Court mooted out the fee petition and ordered counsel to re-file it.[10] On March 10, 2023, Mr. Tull filed an Amended Petition for Attorney's Fees and Costs, which is currently pending before the Court.[11] The Amended Petition, which requests at least $78,859.85 in fees and $1,124.30 in costs, differs only slightly from the original Petition. The slight difference is easily explained by the passage of time and corresponding need for additional legal work. Defendants did not respond to the Amended Petition, but the Court believes that they intended their Response to the original Petition to serve as their Response to the Amended Petition as well.

In their original Response, Defendants made clear that they do not object to a fee award or to the use of the lodestar approach to determine the appropriate fee amount.[12] They also made clear that they have no objections to the hourly rates set forth by the attorneys in the fee petition or to the bulk of the hours claimed.[13] The only problem Defendants identified with regard to the number of hours billed was the work spent on the case proceeding before the Arkansas Claims

---

[7] Permanent Injunction Order (Doc. 422); Judgment (Doc. 423); Order Terminating Cases (Doc. 425).

[8] Pet. for Att'y Fees (Doc. 440). Identical Petitions were filed in *Lamar* and *Holloway*. *Lamar Docket* (Doc. 27); *Holloway Docket* (Doc. 27).

[9] Doc. 451.

[10] Order (Doc. 459).

[11] Am. Pet. for Fees and Costs (Doc. 463). Again, identical Petitions were filed in *Lamar* and *Holloway*. *Lamar Docket* (Doc. 61); *Holloway Docket* (Doc. 32). The relief sought covers work performed across all three cases while they were consolidated.

[12] Defs.' Resp. to Petition (Doc. 451) at 1, 3.

[13] *Id*. at 3.

Commission.[14]  They also argue that reasonable attorney's fees in this case should not include any kind of multiplier or enhancement.[15]

The Court agrees that the lodestar approach should be used here, and that the proposed hourly rates are reasonable and appropriate.  The Court further agrees with the Defendants that the number of hours billed are reasonable, save for those hours spent working on the Claims Commission case.  After carefully reviewing the billing records, the Court has identified 38 such hours.[16]  Because the records do not clearly identify the attorney of record for each entry related to the Claims Commission, the Court will value these hours at an average hourly rate of $220 and thereby deduct $8,360.00 from the requested fee award.  The Court further agrees with Defendants that—given the legal landscape applicable or potentially applicable here—the use of a fee multiplier or enhancement is not appropriate in this case.  Therefore, the Court will award attorney's fees in the amount of $70,499.85.

As for the $1,124.30 costs request, Defendants object to only $72.60 for postage and $95.00 for phone calls.  The Court agrees that these expenses are not properly taxed to the Defendants and will therefore reduce the costs award by $167.60.[17]  However, there is another wrinkle in the costs request.  The Petition seeks $400.00 in filing fees for Mr. Hayes and fellow test-case Plaintiff Winston Holloway.[18]  But both Plaintiffs were required to pay $350 filing fees in their respective cases.[19]  Mr. Hayes's $350 filing fee was paid to the Court in full on February 2, 2022, while Mr.

---

[14] *Id*. at 3–4.

[15] *Id*. at 4.

[16] *See* Ex. 9 to Am. Pet. for Fees and Costs (Doc. 463) at 26–35.

[17] *See Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 203 (2019) (explaining that, "absent . . . express authority, courts may not award litigation expenses that are not specified in [28 U.S.C.] §§ 1821 and 1920").

[18] The third test-case Plaintiff, Anthony D. Lamar, has filed a separate Motion for Costs in his individual case seeking the recovery of his filing fee.  *Lamar Docket* (Doc. 68).

[19] *See* Order (Doc. 11); *Holloway Docket* (Doc. 10).

Holloway remains obligated to pay the remainder of his $350 fee pursuant to a Court-ordered payment plan.[20]  As prevailing parties, they are entitled to recover these amounts as part of the costs award.[21]  The Court therefore finds that $700.00 in costs to account for Mr. Hayes's and Mr. Holloway's filing fees are taxable to the Defendants.  After both reducing the costs request by $167.60 and enlarging it by $300.00, the Court concludes that a costs award of $1,256.70 is appropriate.

Based on the above, Plaintiff's Amended Petition for Attorney's Fees and Costs (Doc. 463) is GRANTED in part.  The undersigned hereby awards attorney's fees and costs in the amount of $71,756.55, representing $70,499.85 in attorney's fees and $1,256.70 in costs.[22]

IT IS SO ORDERED this 31st day of January 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[20] *Holloway Docket* (Doc. 10).

[21] *See* 28 U.S.C. § 1915(f)(1) ("Judgment may be rendered for costs at the conclusion of the [*in forma pauperis*] suit or action as in other proceedings . . . ."); 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following: Fees of the clerk and marshal . . . ."); Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party.").

[22] Because this award compensates counsel for work performed across all three test cases, the Court will enter separate Orders in *Lamar* and *Holloway* denying as moot the identical Amended Petitions filed in those cases.